THE PEOPLE, *ex rel.* The Exchange Bank at Lockport, *vs.* THE BOARD OF EDUCATION OF THE VILLAGE OF LOCK-PORT.

The capital of the Exchange Bank at L. was $150,000; the value of its real estate was $7000; and its surplus earnings, less the ten per cent, were $41,151.16. Its state stocks and bonds and mortgages deposited with the superintendent of the bank department, amounted to $18,300, and its United States stocks so deposited amounted to $32,000. Its other bonds and mortgages amounted to $14,000. It held and owned, in all, $72,000, United States stocks. The total value of all its personal property and effects, exclusive of the stocks, bonds and other securities of the United States held and owned by it, did not exceed the sum of $112,000, *over and above* the debts due and owing by it. It was assessed, on account of its personal property, for $165,980. *Held* that the proper mode of assessment was adopted, under the act of the legislature of 1863, relative to the taxation of moneyed corporations, &c.; that is, by taking into the account the capital stock, the value of the real estate, and the surplus earnings less the ten per cent; and that upon this principle the assessment was not excessive.

*Held, also,* that it was incumbent upon the bank to show that the assessment included, and operated upon, a portion of its property invested in United States securities; and that this not having been shown, no case was made for a *mandamus,* directing the assessors to correct the assessment roll for personal property, by reducing the amount therein, from $165,980 to $112,000.

APPEAL from an order made at a special term awarding a peremptory mandamus, upon the return to an alternative mandamus, commanding the defendant to correct the

assessment roll for personal property, by reducing the amount therein, from $165,980, to $112,000. The facts appearing are : The capital of the bank was $150,000. The value of its real estate was $7000. Its surplus earnings were $14,151.16. Its state stocks and bonds and mortgages deposited with the superintendent of the bank department amounted to $18,300, and its United States stocks so deposited amounted to $32,000. Its other bonds and mortgages amounted to $14,000. It held and owned, in all, $72,000 United States stocks. The total value of all its personal property and effects, exclusive of the stocks, bonds and other securities of the United States held and owned by it, did not exceed the sum of $112,000, *over and above* the debts due and owing by it. The assessment was for $165,980.

*L. F. Bowen,* for the relator.

*J. L. Buck,* for the defendant.

*By the Court,* MARVIN, J. If I was right in the opinion just read in *The People,* ex rel. *The Lockport City Bank* v. *This defendant,*(a) it is decisive in the present case. It is not shown that any portion of the capital stock of the bank, or the capital paid in for the stock, is invested in United States securities. It does appear that it holds and owns $32,000 of United States securities, which are deposited with the superintendent of the bank department as security for the redemption of its circulating notes. $32,000 of this had been deposited for more than a year prior to the assessment, and $10,000 of it for some three months. How these $32,000 are connected with the capital stock of the bank, or the capital paid in and representing the stock, does not appear. They belong to the bank, and are held by the bank department as security for the circulation of the relator ; but its

(a) Ante, p. 588.

600 CASES IN THE SUPREME COURT.

The People v. Board of Education of the Village of Lockport.

capital may be invested mainly in its discounted bills. Its capital is $150,000; its real estate only $7000, and yet all the securities deposited in the bank department amounted only to $50,300, and all its other bonds and mortgages only to $14,000. We have no account whatever of its discounts, or bills receivable, nor of its deposits. The case was not made with the intention of showing when and how its capital stock, or the capital originally representing its stock, were invested; but for the purpose, simply, of showing that it held and owned $72,000 of United States securities, and that the value of all its personal property, exclusively of this $72,000, did not exceed the sum of $112,000, over and above the debts it owed. This may well be, and it may have its entire capital invested in discounted paper. All the bonds and mortgages owned by the bank, including the United States securities, may have been procured with moneys deposited with the bank or owned by it, and for which it is indebted. The case, and the decision of the special term, proceed upon the theory that the relator could only be assessed for the amount of its personal property (excluding its United States securities) " after deducting the just debts owing by him" (it;) thus applying the provision of the Revised Statutes (1 R. S. 391, § 9,) which I have shown, in the case above referred to, is not applicable to corporations.

The counsel for the defendant has made a statement showing the capital $150,000; surplus, less the ten per cent, $37,035.16; state stocks, bonds and mortgages $32,300; making, after deducting $7000 for real estate, $212,335.16, as the value of the personal property of the relator, as shown by the case, excluding the United States securities; thus exceeding the assessment $46,355. I have no doubt the proper mode of assessment was adopted, under the act of 1863; that is, by taking into the account the capital stock, the value of the real estate, and the surplus earnings less the ten per cent; and upon this principle the assessment was not excessive. It was then incumbent upon the bank to

show that this assessment included, and operated upon, a portion of its property invested in United States securities. It has not shown this, and no case was made for a mandamus.

The order and judgment should be reversed, and the writ quashed.

[ERIE GENERAL TERM, September 3, 1866. *Grover, Daniels, Marvin* and *Davis, Justices.*] ·